UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-cr-357 ADM

UNITED STATES OF AMERICA,

Plaintiff,

v.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

CAROLE LYNN BLAKEY,

Defendant.

The United States of America and CAROLE LYNN BLAKEY, (hereinafter referred to as the "defendant"), agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges.** The defendant agrees to enter a plea of guilty to Count 1 of the Information, which charges the defendant with Theft of Mail Matter by Officer or Employee, in violation of 18 U.S.C. § 1709.  In exchange for the defendant's agreement to plead guilty to this charge, the United States agrees not to charge the defendant with any counts of fraud.

2.     **Factual Basis**. The defendant agrees that the facts set forth in the Information and below are true and could be established beyond a reasonable doubt if the case were to proceed to trial:

   a.   Beginning no later than in and around May 2012, and continuing until in and around May 2015, BLAKEY used her position as a United States

Postal Service letter carrier to identify mail matter containing checks, including checks intended for the benefit of charitable organizations in Minnesota and elsewhere. BLAKEY then stole the mail containing checks in order to obtain account information, including account and routing numbers. After obtaining the account information, BLAKEY would reseal the mail matter and return it to the mail stream for delivery to its intended recipient.

b. BLAKEY's coconspirators then used the stolen account information to create counterfeit checks.

c. BLAKEY's coconspirators used publicly available driver's license information to create false identification documents in the names of real people corresponding to the bank accounts from the stolen checks.

d. Using the counterfeit checks, as well as the false identification documents, the coconspirators made purchases at retailers in Minnesota and elsewhere, including Wal-Mart. BLAKEY and others rented cars to make these purchases. The conspirators then either retained the items purchased with the counterfeit checks or returned the items to obtain cash, which they diverted to their own use.

e. BLAKEY agrees that she bears responsibility for approximately $23,103.66 in losses that can be tied directly to stolen mail matters and that there were more than 10 victims of her theft.

3. **Waiver of Indictment**. The defendant agrees to waive indictment by a grand jury on this charge, and to consent to the filing of a criminal information. The defendant further agrees to execute a written waiver of the defendant's right to be indicted by a grand jury on this offense.

4. **Waiver of Statute of Limitations**. In exchange for the concessions in this plea agreement and the Government's agreement to not charge the defendant with further counts of fraud related to the conduct outlined above, which carry higher penalties, the defendant agrees to waive any argument that the statute of limitations bars prosecution under the statute.

5.      **Waiver of Pretrial Motions**. The defendant understands and agrees she has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly, and voluntarily gives up the right to file and litigate pretrial motions.

6.      **Waiver of Constitutional Trial Rights.** The defendant understands that the defendant has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that she has the right to an attorney at every stage of the proceedings and, if necessary, one will be appointed to represent the defendant. The defendant understands that by pleading guilty, she specifically and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find her guilty without a trial.

7.      **Statutory Penalties**. The parties agree that Count 1 of the Information carries statutory penalties of:

     a.  A maximum of five years' imprisonment;
     b.  A maximum of three years' supervised release;
     c.  A fine of up to $250,000 or twice the gross pecuniary gain or loss;
     d.  A mandatory special assessment of $100;
     e.  Payment of mandatory restitution in an amount to be determined by the Court; and

    f.   Assessment to the defendant of the costs of prosecution (as defined in 28 U.S.C. §§ 1918(b) and 1920).

8.    **Revocation of Supervised Release.** The defendant understands that if she were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and she could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that she be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.    **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines (2015 edition) in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.   <u>Base Offense Level.</u> The parties agree that the base offense level for theft of mail is 6. USSG § 2B1.1(a)(2).

    b.   <u>Specific Offense Characteristics.</u> The parties agree that the following upward adjustments apply:

        i.   4 levels because the loss attributable to the defendant was more than $15,000 but was not more than $40,000. USSG §2B1.1(b)(1)(C).

       ii.   2 levels because the offense involved 10 or more victims. USSG §2B1.1(b)(2)(A).

4

c. <u>Chapter 3 Adjustments</u>. The parties agree that the following Chapter 3 adjustments apply:

    i. <u>Abuse of Position of Trust.</u> A 2-level upward adjustment applies because the defendant abused a position of public trust in a manner that significantly facilitated the commission or concealment of the offense. USSG §3B1.3.

    ii. <u>Acceptance of Responsibility.</u> The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility. However, the defendant understands and agrees that this recommendation depends upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. USSG §3E1.1.

d. <u>Criminal History Category.</u> Based on information available at this time, the parties believe that the defendant's criminal history category is I. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. USSG §4A1.1.

e. <u>Guideline Range.</u> If the adjusted offense level is 12, and the criminal history category is I, the Sentencing Guidelines range is 10–16 months' imprisonment, placing the defendant in Zone C.

f. <u>Fine Range.</u> Based on the Sentencing Guidelines calculations above, the fine range is $5,500–55,000. USSG §5E1.2(c).

g. <u>Supervised Release.</u> The Sentencing Guidelines acknowledge that the Court may order a term of supervised release of no more than three years. USSG §§5D1.1(b) and 5D1.2(a)(2).

h. <u>Sentencing Recommendation and Departures.</u> The parties agree to recommend that the Court vary or depart downwards to permit a sentence of probation and/or home confinement with standard and special conditions. Within the confines of that agreement, the parties reserve the right to make a motion for departures or variances from the applicable Guidelines and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines.

10.     **Discretion of the Court**. The foregoing Sentencing Guidelines stipulations bind the parties but not the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11.     **Special Assessment**. The defendant is required to pay a special assessment in the amount of $100.00 for each felony count of conviction, which becomes due and payable upon sentencing. 18 U.S.C. § 3013; USSG §5E1.3.

12.     **Restitution**. The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of her crime.  The defendant agrees that she owes $23,103.66 in restitution.  The defendant understands and agrees that pursuant to 18 U.S.C. § 3663A(a)(3), the Court may order the defendant to make restitution to any

victim of the scheme regardless of whether the victim was named in the Information or the specific count of conviction.

The parties agree that, as outlined in 18 U.S.C. § 3664(f)(3)(B), the Court may direct the defendant to make nominal periodic payments if the Court finds from facts proven by a preponderance of the evidence at the evidentiary hearing that the defendant's economic circumstances do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments. If ordered, the defendant understands and agrees to make regular payments towards any restitution award. The defendant further understands that she may be required to make these payments as a condition of her probation and/or supervised release on Count 1, *see* 18 U.S.C. §§ 3563(b)(2), 3583(d).

The defendant represents that the defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered by the Court. The defendant agrees to complete a financial statement fully and truthfully within 30 days of entering a guilty plea in this case. The defendant also agrees to participate fully and truthfully in a deposition regarding her assets prior to sentencing if requested by the government.

13.     **Forfeiture**. The defendant agrees to forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of Count 1, pursuant to 18 U.S.C. § 982(a)(2)(A).

If any property is unavailable for forfeiture, the defendant agrees that the United States shall be entitled to seek the forfeiture of substitute property as provided for in 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

14.     **Waivers of Appeal and Collateral Attack**. The defendant acknowledges having been advised by counsel of the defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal rights conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. The defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby expressly, knowingly, intelligently, and voluntarily waives these rights, except as specifically reserved herein.  This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, statute of limitations, sentence, restitution, and the right to contest the constitutionality of the statute to which she is pleading guilty or argue that the admitted conduct does not fall within the scope of that statute.  Nothing in this paragraph bars the defendant from seeking any remedy on appeal or collateral attack with respect to a claim of ineffective assistance of counsel.

15.     **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act (FOIA) and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16.     **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.   There are no other agreements, promises, representations, or understandings.

Date:   2/1/2023

ANDREW M. LUGER
United States Attorney


BY: EMILY A. POLACHEK
Assistant U.S. Attorney


Date:

2/1/23

CAROLE LYNN BLAKEY
Defendant


Date:   2/1/23

KAREN MOHRLANT
Counsel for the Defendant